# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| TINA J. CARSON, | : | |
| Plaintiff, | : | |
| vs. | : | CA 20-0608-KD-MU |
| HAND ARENDALL, LLC, et al., | : | |
| Defendants. | | |

## REPORT AND RECOMMENDATION

This action is before the undersigned on Plaintiff's *pro se* amended complaint. (Doc. 7).  By Order dated January 14, 2021, Plaintiff was granted leave to proceed without prepayment of fees and costs. (*See* Doc. 5). At that time, service was withheld pending screening of the complaint (*id.*) and, upon screening, the undersigned entered a detailed Order on January 19, 2021, instructing Ms. Carson to file an amended complaint in compliance with the numerous directives of that Order (*see* Doc. 6, PageID. 16-25). Carson filed an amended complaint on February 8, 2021 (Doc. 7); however, this pleading does not comply with the contents of the undersigned's January 19, 2021 Order. Pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a)(2)(S), it is recommended that this action be **DISMISSED WITHOUT PREJUDICE**, prior to service of process, because this Court lacks subject-matter jurisdiction; therefore, Carson's amended complaint is legally frivolous. *Compare* 28 U.S.C. § 1915(e)(2)(B)(i) *with Jackson v. Farmers Ins. Group/Fire Ins. Exchange,* 391 Fed.Appx.

854, 856 (11th Cir. Aug. 12, 2010) (discussing subject-matter jurisdiction and 28 U.S.C. § 1915(a)(2)(B)(i) frivolity).[1]

## BRIEF BACKGROUND

In the amended complaint (Doc. 7), the *pro se* Plaintiff makes clear that she seeks to sue attorneys (Windy Bitzer and Christine Hart) and a law firm (Hand Arendall, LLC) in connection with their defense of Carson's former employer, World Marine, in a lawsuit she filed against World Marine on December 28, 2016. (*See id.*, PageID. 26-32).[2] While Carson sets out more facts in her amended complaint than in her initial complaint, that pleading does not adequately address any of the deficiencies identified in this Court's Order dated and entered on January 19, 2021. (*See* Doc. 6). However, because Carson has not identified in her amended complaint a basis upon which this Court may exercise jurisdiction (*see* Doc. 7), as ordered and as required by Rule 8(a) of the Federal Rules of Civil Procedure (*see* Doc. 6), the undersigned pretermits a discussion of the remaining deficiencies in the amended complaint (*see id.*).

## DISCUSSION

As previously explained to Plaintiff in detail (*see* Doc. 6, PageID. 17-20), federal district courts are "courts of limited jurisdiction" that are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution[.]'" *University of South Alabama v. American Tobacco Co.,* 168 F.3d 405, 409 (11th Cir. 1999), quoting *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994);

---

[1] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

[2] That case was ultimately dismissed by the Court on December 19, 2017. *See Carson v. World Marine of Alabama, LLC,* CA 16-0636-WS-B, Docs. 32-33.

*see also Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994) ("Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree[.]" (internal citations omitted)).[3] Stated differently, because federal courts are courts of limited jurisdiction "[i]t is . . . presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]" *Kokkonen, supra*, 511 U.S. at 377, 114 S.Ct. at 1675 (internal citations omitted). And, indeed, even though it is clear that "[p]leadings filed by *pro se* litigants are given liberal construction," these litigants are "'required [] to conform to procedural rules[,]'" *Cornelius v. U.S. Bank Nat'l Ass'n,* 452 Fed.Appx. 863, 865 (11th Cir. Nov. 29, 2011), quoting *Moton v. Cowart,* 631 F.3d 1337, 1341 n.2 (11th Cir. 2011), and, as a consequence, "must 'affirmatively allege facts demonstrating the existence of jurisdiction.'" *Id.*, quoting *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994) (other citation omitted); *see also Sweet Pea Marine, Ltd. v. APJ Marine, Inc.,* 411 F.3d 1242, 1247 (11th Cir. 2005) ("The burden for establishing federal subject matter jurisdiction rests with the party bringing the claim.").

Here, Carson's amended complaint contains no jurisdictional statement, though she was specifically instructed to identify a basis upon which this Court can exercise subject-matter jurisdiction in her case against Windy Bitzer, Christine Hart, and Hand, Arendall, LLC (Doc. 6, PageID. 17-20). First, Carson supplies no facts establishing that this Court is in a position to exercise diversity jurisdiction, *see* 28 U.S.C. § 1332(a)(1)

---

[3] Indeed, "[f]ederal subject-matter jurisdiction is proper only when (1) a plaintiff's claim involves a federal question, or (2) there is diversity among the parties." *Davis v. Ryan Oaks Apartment,* 357 Fed.Appx. 237, 238 (11th Cir. Dec. 17, 2009), citing 28 U.S.C. §§ 1331, 1332.

("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [] citizens of different States[.]"), because she has neither alleged that she is seeking any money damages from the Defendants (and, certainly, she has not demanded more than $75,000 from the Defendants), *compare id. with* Doc. 7, PageID. 26-32*,* nor has she alleged facts which would establish that all named Defendants are citizens of a State or States different from the State of which she is a citizen (that is, Alabama),[4] *Cornelius, supra,* 452 Fed.Appx. at 865 **(**"Jurisdiction under 28 U.S.C. § 1332 based on the parties' diversity of citizenship 'requires complete diversity—every plaintiff must be diverse from every defendant.'"); *see also Strawbridge v. Curtiss,* 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435 (1806).

      Second, it is clear that, pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* "Whether a claim arises under federal law for purposes of 28 U.S.C. § 1331 is generally determined by the well-pleaded complaint rule, 'which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001), quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). "A well-pleaded complaint presents a federal question where it 'establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on

---

[4]     To the contrary, Carson's amended complaint identifies her residence as 957 Baltimore Street, Mobile, Alabama 36605 (Doc. 7, PageID. 26) and identifies the Defendants' address as 104 St. Francis Street, Suite 300, Mobile, Alabama 36602 (*id.,* PageID. 27).

resolution of a substantial question of federal law.'" *Smith*, 236 F.3d at 1292, quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. For S. Cal.*, 463 U.S. 1, 27-28, 103 S. Ct. 2840, 2856, 77 L. Ed. 2d 420 (1983); *see also Cornelius, supra,* 452 Fed.Appx. at 865 (recognizing that under § 1331, "a federal court will have jurisdiction only when the plaintiff's cause of action is conferred by federal law or when there is some 'contested[, substantial] federal issue' and the exercise of jurisdiction is 'consistent with congressional judgment about the sound division of labor between state and federal courts . . . .' *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 313, 125 S.Ct. 2363, 162 l.Ed.2d 257 (2005).")).

Here, Plaintiff's amended complaint does not raise issues of federal law.[5] Instead, her amended complaint raises state law tort claims for fraud and (perhaps) libel (*see* Doc. 7, PageID. 26[6] & 28-32). *See, e.g., Perry v. Matrix Financial Services Corp.,* 2019 WL 1597883, *7 (N.D. Ala. Apr. 15, 2019) (recognizing that fraud and libel are state law tort claims). Accordingly, jurisdiction does not exist under 28 U.S.C. § 1331.

---

[5] As the undersigned previously informed Carson, just because this Court could exercise jurisdiction in her 2016 lawsuit against her former employer, World Marine, based upon her federal claim of employment discrimination, does not mean that it can exercise subject-matter jurisdiction in this case, which Plaintiff seeks to bring against World Marine's former attorneys in the 2016 lawsuit for fraud (and, perhaps, libel). (*See* Doc. 6, PageID. 19). This is so, of course, because Plaintiff's amended complaint raises no federal question.

[6] Just like in her original complaint, in her amended complaint Plaintiff sets forth "[l]iable." (Doc. 7, PageID. 26). However, the undersigned believes she meant to state "libel" because there exists no cause of action for "liable," the direct definition of "liable" (in this context) being "responsible" or "legally bound or obligated, as to make good any loss or damage that occurs in a transaction[.]" WEBSTER'S NEW WORLD COLLEGE DICTIONARY, 825 (4th ed. 1999). In other words, while the Defendants may be liable (that is, legally responsible) for any purported fraud (or libel) in which they may have engaged, there is no such thing as being "liable" for "liable" as that is not a cause of action recognized under federal or state law.

5

**CONCLUSION**

Based upon the foregoing, it is **RECOMMENDED** that this action be **DISMISSED,** prior to service of process, for lack of subject-matter jurisdiction. *See* 28 U.S.C. § 1915(e)(2)(B)(i). Because a dismissal for lack of subject matter jurisdiction "is not a judgment on the merits[,]" it should be "entered without prejudice." *Stalley ex rel. U.S. v. Orlando Regional Healthcare Sys., Inc.,* 524 F.3d 1229, 1232 (11th Cir. 2008) (per curiam).

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is

found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this the 18th day of February, 2021.

                                        s/P. Bradley Murray
                                        **UNITED STATES MAGISTRATE JUDGE**